282 N.J. Super. 310 (1995)
660 A.2d 7
NICHOLAS AND HAROULA POULATHAS, PLAINTIFFS-RESPONDENTS,
v.
ATLANTIC CITY ZONING BOARD OF ADJUSTMENT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1995.
Decided June 28, 1995.
*311 Before Judges KING, MUIR, Jr., and EICHEN.
John C. Matthews argued the cause for appellant.
William A. Thompson, III, argued the cause for respondents.
Brian S. Thomas argued the cause for Intervenor (on appeal)-Respondent Chelsea Neighborhood Association (Megargee, Youngblood, Franklin & Corcoran, attorneys).
The opinion of the court was delivered by MUIR, JR., J.A.D.
This is a zoning case which entails review of defendant's denial of plaintiffs' application for a certificate of nonconformance under N.J.S.A. 40:55D-68. Defendant ruled plaintiffs had a nonconforming *312 use protected by the provisions of the statute but deemed the use abandoned by plaintiffs' subsequent modifications to their building on Ventnor Avenue[1] in Atlantic City. The trial court reversed, concluding plaintiffs had a protected nonconforming use as to the three apartments and two stores contained in plaintiffs' building at the time of plaintiffs' application for the certificate. Defendant appeals. We affirm.
After a hearing on plaintiffs' application for a certificate of nonconformance under N.J.S.A. 40:55D-68, defendant adopted a resolution of denial. The resolution contained the following findings and conclusions:
(1) The applicant is the owner of the subject property;
(2) Notice requirements were not required; and
(3) From 1979 to 1993 the property was Zoned R-2 by the Atlantic City Zoning Ordinance which did not permit two stores and three apartments.
(4) From 1929 to 1979 the property was Zoned Business District #2 by the Atlantic City Zoning Ordinance which permitted two stores and three apartments.
(5) The 1961 Property Record Card of the City of Atlantic City indicates two stores and three apartments.
(6) The 1981 Property Record Card of the City of Atlantic City indicates two stores and three apartments.
(7) The testimony of Keith Mills of the Atlantic City Planning Department indicated that the owner had been charged with and found guilty of illegally expanding a nonconforming use in Atlantic City Municipal Court in 1991.
(8) Based upon the applicable Case Law in the State of New Jersey, particularly Marino v. Mayor and Council of Norwood, 77 N.J. Super. 587[, 187 A.2d 217] and Barbarisi v. The Bd. of Adjustment, etc. of The City of Paterson, [30 N.J. Super. 11, 103 A.2d 164, 30 N.J.S.A. 11, 17] (App.Div. 1954), this illegal expansion causes this property to lose its former legal character and thereby, loses any prior legal use that was nonconforming that they may have had.
(9) The Board determined that this property has been illegally expanded.
Thus, while the Board determined plaintiffs initially had a protected nonconforming use, it concluded subsequent illegal expansion constituted an abandonment of the use.
*313 The illegal expansion related to plaintiffs' increasing the apartments from three to five while retaining the two stores. There is no dispute a municipal court code enforcement proceeding resulted in a determination plaintiffs had illegally added two apartments. As a consequence, plaintiffs agreed and did make changes necessary to return the building to its original nonconforming condition of three apartments and two stores. The record contains no evidence on the scope and extent of the illegal expansion other than it involved new bathrooms. However, the fact that it could be readily returned to a three-apartment complex suggests the expansion was not substantial. The trial court ordered the defendant to issue the certificate of nonconformance for the three-apartment, two-store complex.
Defendant argues the trial court erred because any illegal expansion of a protected nonconforming use constitutes an abandonment. We disagree.
Abandonment is a matter of intent. See Cox, New Jersey Zoning and Land Use Administration § 11-5, 186 (1994); Cunningham, Control of Land Use in New Jersey, 14 Rutgers Law Rev. 37, 70 (1959). Intent is an issue of fact. Where a property owner, as here, retains the protected nonconforming use but expands or extends the use illegally, there is no evidence of intent to abandon because the protected nonconformed use is retained.
As one authority states:
If there has been a "change in use," the general rule is that the previous use has been abandoned and cannot be resumed. If there has merely been an unauthorized extension or enlargement, the previous use cannot be said to have been abandoned because it still exists, and the fact of an extension or enlargement in itself is evidence of an intent not to abandon it.
[4 Arden H. Rathkopf & Daren A. Rathkopf, The Law of Zoning and Planning § 51A.04 at 51A-47 (Edward H. Zeigler rev. 1993)]
This is a better rule because it projects an appropriate balance of established principles governing nonconforming uses. It continues the disfavor for expansion of nonconforming uses, see Urban v. Planning Bd. of Manasquan, 124 N.J. 651, 656, 592 A.2d 240 *314 (1991), while at the same time maintains the statutory guarantee against compulsory termination. See Belleville v. Parillo's, Inc., 83 N.J. 309, 315, 416 A.2d 388 (1980).
Barbarisi v. City of Paterson Bd. of Adjustment, 30 N.J. Super. 11, 103 A.2d 164 (App.Div. 1954), relied on by the Board, does not resolve the issue. Barbarisi dealt with a total change in use, not an expansion and continuance of the use. Barbarisi involved property first used as an automobile repair shop that gained nonconforming status, which a subsequent owner sought to reestablish after an intervening conversion of the entire property to a rug cleaning business. We ruled the complete change in the nature of the use constituted an abandonment. The case is inapposite here.
Moreover, we reject the dictum in Marino v. Mayor and Council of Norwood, 77 N.J. Super. 587, 187 A.2d 217 (Law Div. 1963), to the extent that it suggests any expansion or extension of a nonconforming use constitutes an abandonment. It is dictum without citation to authority. In cases decided both before and after Marino, the remedy for illegal expansion has been to enjoin the expansion but to permit the continuance of the nonconforming use at the level which existed at the time the ordinance rendered the use nonconforming. See Township of Fairfield v. Likanchuk's, Inc., 274 N.J. Super. 320, 327, 644 A.2d 120 (App.Div. 1994); Heagen v. Borough of Allendale, 42 N.J. Super. 472, 487-88, 127 A.2d 181 (App.Div. 1956); Weber v. Pieretti, 72 N.J. Super. 184, 203-04, 178 A.2d 92 (Ch.Div.), aff'd, 77 N.J. Super. 423, 186 A.2d 702 (App.Div. 1962), certif. denied, 39 N.J. 236, 188 A.2d 177 (1963). This is true even though, as we noted in Weber v. Pieretti, supra, the enlargement of the nonconforming use constituted "an invalid enlargement of the business beyond all reasonable limits" that was done "deliberately and brazenly." Weber v. Pieretti, supra, 77 N.J. Super. at 424, 186 A.2d 702. Consequently, we conclude a protected nonconforming use is not lost as the result of an illegal extension or expansion of that use where the extension or expansion *315 does not eradicate the prior nonconforming use. Only the extension or expansion is lost.
Where, as here, the expansion was eradicated so the scope of the protected nonconforming use was all that remained, we hold that use may continue and the defendant must authorize issuance of a certificate of nonconformance to that extent.
Affirmed.
NOTES
[1] Defendant Board's brief describes the property in nonconformance as 4219-23 Atlantic Avenue. The transcript of the October 28, 1993, hearing before the Board, however, describes the claim of nonconformity as "dealing with a property on Ventnor Avenue, 4219 through 4223."